KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Will Moses Palmer, III, | No. CV 1-06-512-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeanne Woodford, et al., | |
| Defendants. | |

Plaintiff Will Moses Palmer, III, who is confined in the Kern Valley State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Pending before the Court is Plaintiff's Amended Complaint (Doc. #18). This case was reassigned to the undersigned judge on November 25, 2008.

The Court will order Defendants Jordnt, Bardonnex, Berkson, Wang, Huang, Clement, Lemoy, Tarter, Idell, and Key to answer Counts Two, Four, Five, Six, and Seven of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Amended Complaint

All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived and defendants named in an original complaint who are not named in an amended complaint are dismissed. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those defendants named in the Amended Complaint.

Plaintiff names the following Defendants in the Amended Complaint: (1) Richard Berkson, Chief Psychiatrist at California Department of Corrections and Rehabilitation (CDCR) Substance Abuse Treatment Facility; (2) Captain P. Mendes, Classification Chairperson at Substance Abuse Treatment Facility (SATF); (3) Lt. Gallagher; (4) Correctional Officer H. Johnson; (5) Correctional Officer Jordnt; (6) Correctional Officer Bardonnex; (7) Correctional Officer Phillups; (8) Dr. Huang, Psychiatrist; (9) Registered Nurse Torcia; (10) Keyhea[1] Coordinator J. Clement; (11) Keyhea Coordinator Idell; (11) Registered Nurse J. Key; (12) Keyhea Process Attorney D. Tarter; (13) Registered Nurse Lemoy; and (14) Administrative Segregation Unit Officer Hopkins.

Plaintiff raises seven grounds for relief in the Amended Complaint and seeks injunctive relief and money damages.

## III. Failure to State a Claim

### A. Claim One

In Claim One, Plaintiff alleges that Defendant Mendes violated Plaintiff's First

---

[1] The CDCR is required by Keyhea v. Rushen, 178 Cal. App. 3d 526 (March 6, 1986), to seek a court order authorizing the administration of long-term involuntary antipsychotic medication to individuals confined within the jurisdiction of the CDCR who, as a result of mental disorder, are a danger to others or to themselves or are gravely disabled and incompetent to refuse medication.

1   Amendment and due process rights when he placed Plaintiff in an Administrative
2   Segregation Unit (ASU) in retaliation for disciplinary offenses that Plaintiff had been
3   acquitted on.

4         In his statement of facts, Plaintiff alleges that Defendant Mendes "informed Plaintiff
5   that they [Mendes and Counselor Poole] were not responsible for providing Plaintiff with the
6   court ordered phone calls and library access." (Compl. at 3.2, ¶1.) Plaintiff makes no other
7   factual allegations against Defendant Mendes. To state a valid claim under § 1983, plaintiffs
8   must allege that they suffered a specific injury as a result of specific conduct of a defendant
9   and show an affirmative link between the injury and the conduct of that defendant. Rizzo
10  v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's facts do not indicate that Defendant
11  Mendes was responsible for assigning Plaintiff to the Administrative Segregation Unit.
12  Accordingly, the Court will dismiss Claim One.

13      **B.**    **Claim Three**

14        In Claim Three, Plaintiff alleges that Defendants Torcia and Wang violated Plaintiff's
15  Eighth and Fourteenth Amendment rights when they prescribed and provided "Plaintiff with
16  psychotropic drugs, without Plaintiff's knowledge or consent, under false representation that
17  the medication was pain pills." (Compl. at 3.22.) In his statement of facts, Plaintiff claims
18  that Defendant Torcia "informed Plaintiff that she would inform the medical Doctor and get
19  the pain medication and muscle relaxers." (Id. at 3.5, ¶ 9.) Plaintiff then states that he "was
20  given 3 pills, (2) pink capsules, and (1) brown pill. Plaintiff inquired about the medications
21  and was informed that it was pain medication and muscle relaxers." (Id. at 3.5, ¶ 11.)
22  Plaintiff states that he later discovered the pills were psychotropic drugs.

23        With respect to Defendant Wang, Plaintiff claims that after several days of the taking
24  the medication, Defendant Wang explained to Plaintiff that the psychotropic medications
25  were causing Plaintiff to be extremely tired and Defendant Wang asked Plaintiff to take a
26  different medication which would "wake Plaintiff out of the sluggish drowsy state." (Id. at
27  3.7, ¶15.) Plaintiff also states that Defendant Wang agreed that Plaintiff did not have to
28  continue taking the new medication if did not work as Defendant Wang stated it would (Id.

JDDL

- 3 -

1 | at 3.7, ¶16.)

2 | Plaintiff's allegations in Claim Three are insufficient to state a claim against either Defendants Torcia or Wang.  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  Rizzo, 423 U.S. at 371-72, 377.  Further, to maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.  This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

Plaintiff does not allege that Defendant Torcia deliberately provided Plaintiff with psychotropic medication without his consent.  Indeed, Plaintiff's allegations fail to link Defendant Torcia with the medication he was given.  Plaintiff implies, but does not explicitly allege that Defendant Torcia provided him with the initial dose of psychotropic mediation. Even assuming that Plaintiff had made such an explicit allegation, Plaintiff does not allege that the nurse knew that the medication was a psychotropic drug and not a muscle relaxer or that she provided the medication to Plaintiff with the intent to deceive him about its nature.

With respect to Defendant Wang, Plaintiff again fails to allege that Defendant Wang deliberately prescribed psychotropic mediation.  Plaintiff has alleged, at most, that the new medication Defendant Wang prescribed did not have the desired effect of "waking" Plaintiff. These allegations are insufficient to state an Eighth Amendment claim and the Court will therefore dismiss Claim Three.

. . .

. . .

. . .

## IV. Claims for Which an Answer Will be Required

### A. Claim Two

In Claim Two, Plaintiff alleges that Defendants Jordnt and Bardonnex violated Plaintiff's First Amendment rights when they retaliated against Plaintiff by withholding Plaintiff's legal documents and preventing Plaintiff from filing documents in Plaintiff's habeas case. In his statement of facts, Plaintiff alleges that these Defendants "withheld Plaintiff's legal property, in retaliation for Plaintiff complaining to their superior Officer Sergeant Davis of defendants repeated refusal to provide Plaintiff access to an 'adequate law library,' and weekly telephone calls to the court appointed investigator." (Compl. at 3.2, ¶3.)

Prisoners have a constitutionally protected right to file grievances and to pursue civil litigation without retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). See also Hines, 108 F.3d at 267 (prisoner may not be retaliated against for use of grievance system); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (prisoner may not be penalized for exercising the right of redress of grievances). Liberally construed, Plaintiff's allegations in Claim Two adequately state a claim and the Court will require Defendants Jordnt and Bardonnex to answer this claim.

### B. Claim Four

In Claim Four, Plaintiff alleges that Defendants Berkson, Wang, Huang, and Clement violated Plaintiff's Due Process rights when they placed "Plaintiff under involuntary medication while being aware that Plaintiff was not suppose[d] to be taking any psychotropic drugs to punish Plaintiff . . . [and] without affording Plaintiff with due process safeguards." (Compl. at 3.23.)

A prisoner "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 494 U.S. 210, 221-22 (1990). A state may administer medication against a prisoner's will only after a determination that the prisoner is dangerous to himself or others and that the medication is in the prisoner's medical interest. Id. at 227.

Liberally construed, Plaintiff's allegations in Claim Four adequately state a claim, and

1  the Court will require Defendants Berkson, Wang, Huang, and Clement to answer Claim
2  Four.

### C. Claim Five

Plaintiff alleges in Claim Five that Defendant Lemoy violated Plaintiff's Eighth Amendment rights when she refused to adhere to policies regarding five-point restraints. In his statement of facts, Plaintiff claims that he was placed in five-point restraints for refusing medication and that, pursuant to policy, his arms and legs were supposed to be released for a short period of time every two hours to allow for circulation. (Compl. at 3.8, ¶20.) Plaintiff states that although Defendant Lemoy was informed of this policy by other nurses, she refused to comply and instead only released one of Plaintiff's arms or legs every two hours. (Id. at 3.8, ¶¶ 20, 22.) Plaintiff states that because of pre-existing back problems, of which Defendant Lemoy was aware, Defendant Lemoy's refusal to comply with the restraint policy caused him severe and unnecessary pain.

Liberally construed, these allegations adequately state an Eighth Amendment claim and the Court will require Defendant Lemoy to answer Claim Five.

### D. Claim Six

In Claim Six, Plaintiff claims that Defendants Idell and Key, "without a court order subjected Plaintiff to an extra high . . . dosage of the psychotropic drugs as punishment for Plaintiff following Medical staff instructions that Plaintiff did no have to take the medication any longer, violating the Due Process clause as well as the . . . 8th amendment . . . ." (Id. at 3.23.)

In his statement of facts, Plaintiff claims that Defendant Idell ordered Plaintiff to be injected with the prescribed 80 milligrams of medication plus four additional dosages of 20 milligrams, one extra dosage as punishment for each of the four days Plaintiff had refused to take the medication. (Id. at 3.18, ¶91.) Plaintiff further claims that Defendant Key was aware that the order for the prescribed medication had expired, that Defendant Idell did not have a current order for the medication, and that the extra 80 milligrams of medication was for the purpose of punishment, but that Defendant Key followed Defendant Idell's

instructions and injected Plaintiff with the punitive dosage of medication. (Id. at 3.20, ¶94.)

Liberally construed, these allegations adequately state a claim and the Court will require Defendants Idell and Key to answer Claim Six.

### E.   Claim Seven

In Claim Seven, Plaintiff contends that Defendant Tarter violated Plaintiff's Sixth and Fourteenth Amendment rights when she failed to act as Plaintiff's advocate and permitted Plaintiff to be involuntarily medicated.  In his statement of facts, Plaintiff alleges that Defendant Tarter was not appointed to represent Plaintiff but that she stipulated to a waiver that allowed Plaintiff to be involuntarily medicated for a period of 23 days.  Plaintiff does not explain how an attorney who was not appointed to represent him was able to enter into a stipulation on his behalf.

In Washington v. Harper, the Supreme Court found that a state's policies conferred upon prisoners a right to be free from the arbitrary administration of antipsychotic medication where those policies were mandatory in character.  494 U.S. at 221.  Pursuant to section 91090.6.5.4 of the CDCR's Operations Manual, an inmate has the "right" to "[a]ssistance by an attorney/advocate" during the Certification Review Hearing at which time a Certification Review Hearing Officer reviews the initial decision to involuntarily medicate an inmate on a long-term basis.

The Court declines to determine at this time whether Plaintiff has a constitutionally protected right to counsel, or to the effective assistance of counsel, during administrative proceedings regarding involuntary medication.  However, the Court finds that, liberally construed, Plaintiff's allegations in Claim Seven adequately state a claim and the Court will require Defendant Tarter to answer Claim Seven.

### V.   Motion for Status Conference

On December 16, 2008, Plaintiff filed a Motion for a Status Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Because Defendants have not yet been served or filed an answer, Plaintiff's Motion is premature and will be denied.  The Court will issue a scheduling order pursuant to Rule 16 after Defendants have answered the Amended

Complaint.

## VI. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Claims One and Three and Defendants Mendes, Gallagher, Johnson, Phillups, Torcia, and Hopkins are **dismissed** without prejudice.

(2) Defendants Jordnt, Bardonnex, Berkson, Wang, Huang, Clement, Lemoy, Tarter, Idell, and Key must answer Claims Two, Four, Five, Six, and Seven of the Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #18), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Jordnt, Bardonnex, Berkson, Wang, Huang, Clement, Lemoy, Tarter, Idell, and Key.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit

1  with the Notice of Submission of Documents: a copy of the Amended Complaint for each
2  Defendant, a copy of this Order for each Defendant, a completed summons for each
3  Defendant, and a completed USM-285 for each Defendant.

4  (5) Plaintiff must not attempt service on Defendants and must not request waiver
5  of service. Once the Clerk of Court has received the Notice of Submission of Documents and
6  the required documents, the Court will direct the United States Marshal to seek waiver of
7  service from each Defendant or serve each Defendant.

8  (6) **If Plaintiff fails to return the Notice of Submission of Documents and the**
9  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
10 **must, without further notice, enter a judgment of dismissal of this action without**
11 **prejudice.** See **Fed. R. Civ. P. 41(b).**

12 (7) Plaintiff's December 16, 2008 Motion for Status Conference (Doc. #21) is
13 **denied**.

14 DATED this 12th day of January, 2009.

_____
John M. Roll
Chief United States District Judge