IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Will Moses Palmer, III,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jeanne Woodford, et. al.,<br><br>　　　　Defendants. | No. CV 1:06-00512-JMR<br><br>**ORDER** |

　　　　Pending is Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Case (Doc. #37).

　　　　Defendants claim that Plaintiff's *in forma pauperis* ("IFP") status should be revoked under 28 U.S.C. § 1915(g) and the case dismissed without prejudice accordingly.  Section 1915(g) states:

> In no event shall a prisoner bring a civil action . . . under this section [authorizing IFP proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants allege that Plaintiff has previously brought at least three lawsuits that have been dismissed on the basis that they were frivolous, malicious, or failed to state a claim. Defendants also claim that Plaintiff's complaint does not allege imminent danger of serious physical injury.  Because of this, Defendants claim that Plaintiff has "struck out" under the three-strikes provision of § 1915(g) and that Plaintiff's IFP status must be revoked and the complaint dismissed without prejudice.

## I. Plaintiff Has Three Prior Strikes Under § 1915(g)

Plaintiff is a frequent litigator in this and other federal courts. A search on PACER reveals that Plaintiff, while incarcerated, has filed at least 17 lawsuits in federal court. Defendants claim that at least three of these cases were dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted" and therefore, Plaintiff should not be allowed to bring the instant action *in forma pauperis*. Defendants bear the initial production burden in challenging Plaintiff's IFP status and must produce documentary evidence demonstrating that Plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). Once Defendants have met this initial burden, the burden shifts to Plaintiff to show why a prior dismissal should not count as a strike. *Id.*

Here, Defendants have satisfied their initial production burden by attaching as exhibits to their Motion to Revoke Plaintiff's *In Forma Pauperis* Status, court documents pertaining to four prior cases brought by Plaintiff while incarcerated and subsequently dismissed. (Exhibits A-F, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) Per Defendants' request (see Request for Judicial Notice, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37), judicial notice is taken of these documents under Federal Rule of Evidence 201(b)(2) and *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). In his response to Defendants' motion, Plaintiff has shown that only one of the four dismissed cases should not count as a strike. Therefore, Plaintiff has three prior strikes under § 1915(g).

### A. *Palmer v. Johnson* (C.D. Cal. Case No. 2:05-cv-08547-ABC)

The dismissal in *Palmer v. Johnson*, C.D. Cal. Case No. 2:05-cv-08547-ABC, does not count as a strike under § 1915(g) because the case was not dismissed until December 1, 2006, after the instant case was filed, and it was dismissed because the defendant had judicial immunity from suit. (See Order of Dismissal, Exh. A, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.)

- 2 -

### B. *Palmer v. Johnson* (C.D. Cal. Case No. 2:05-cv-07121-UA-E)

The denial of Plaintiff's request to proceed IFP in *Palmer v. Johnson*, C.D. Cal. Case No. 2:05-cv-07121-UA-E, counts as a strike under § 1915(g) because one of the reasons for the denial states that the complaint "fails to state a cognizable civil rights claim upon which relief can be granted." (Order Re Leave to File Action Without Prepayment of Full Filing Fee, Exh. B, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) The Ninth Circuit has held that "when a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

### C. *Palmer v. Crawford, et al.* (N.D. Cal. Case No. 3:03-cv-01271-SI)

The dismissal in *Palmer v. Crawford, et al.*, N.D. Cal. Case No. 3:03-cv-01271-SI, counts as a strike under § 1915(g) because the court found that Plaintiff's complaint did not state a claim "for relief for a denial of his right of access to the courts" or "for relief for a violation of Palmer's Eighth Amendment rights." (Order of Dismissal With Leave to Amend, Exh. C, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) The complaint was dismissed with leave to amend but Plaintiff did not amend his complaint and the case was dismissed without prejudice. (See Judgment, Exh. D, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) The Ninth Circuit has held that "[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)). Thus, in *Palmer v. Crawford, et al.*, because Plaintiff chose not to amend his complaint, the dismissal of the complaint for failure to state a claim upon which relief may be granted was converted into a dismissal of the entire action. Furthermore, the Ninth Circuit has held that because § 1915(g) does not distinguish between dismissals with and without prejudice, a dismissal without prejudice counts as a strike as long as the dismissal is made because the action is

1 frivolous, malicious, or fails to state a claim. *O'Neal*, 531 F.3d at 1154 (citing *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999)).

### D. *Palmer v. Lamarque, et al.* (N.D. Cal. Case No. 3:03-cv-00956-SI)

The dismissal in *Palmer v. Lamarque, et al.*, N.D. Cal. Case No. 3:03-cv-00956-SI, counts as a strike under § 1915(g) because several of Plaintiff's claims were dismissed with leave to amend for failure to "state a claim for relief." (Order of Dismissal With Leave to Amend, Exh. E, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) As Plaintiff points out in his response, not all of the claims in his complaint were adjudged to have failed to state a claim upon which relief may be granted. However, the entire complaint was dismissed with leave to amend to cure the deficiencies identified in the order - *i.e.*, numerous failures to state a claim. Plaintiff chose not to amend the complaint, and the entire case was dismissed without prejudice. (See Judgment, Exh. F, Defs.' Mot. To Revoke Pl.'s IFP Status, Doc. #37.) As explained above, "[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action," *Lira*, 427 F.3d at 1169, and a dismissal without prejudice counts as a strike as long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. In *Palmer v. Lamarque*, dismissal of the action was a result of Plaintiff's failure to amend the complaint, and Plaintiff was required to amend the complaint because several of his claims failed to state a claim upon which relief could be granted.

## II. Plaintiff Is Not In Imminent Danger of Serious Physical Injury

Section 1915(g) allows a prisoner to bring a suit *in forma pauperis* notwithstanding three prior strikes if the prisoner "is under imminent danger of serious physical injury." The Ninth Circuit has held that the "imminent danger" exception to the three-strikes rule applies if the danger existed at the time the prisoner filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The Ninth Circuit has also held that "once a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee." *Id.* at 1053-54. Furthermore, even if a number of

- 4 -

claims in the suit do not allege imminent danger of serious physical injury, the complaint as a whole proceeds IFP if the exception applies to any part of it. *Id.*

Even liberally construed,[1] the allegations in the complaint do not show that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint, and therefore Plaintiff is barred from bringing his suit *in forma pauperis* under the three-strikes rule in § 1915(g). Plaintiff filed his complaint on April 28, 2006. Plaintiff's complaint alleges violations of his First, Eighth, and Fourteenth Amendment due process rights while he was incarcerated at California Substance Abuse Treatment Facility from December 2005 through April 2006. Plaintiff's complaint also alleges violations of his Sixth, Eighth, and Fourteenth Amendment due process rights while he was incarcerated at Kern Valley State Prison in May 2006. Examining the facts and allegations in Claims Two, Four, Five, Six, and Seven of Plaintiff's amended complaint,[2] Plaintiff has not alleged sufficient facts to show that he was in "imminent danger of serious physical injury" at the time he filed his complaint and therefore does not fall under the exception to the three-strikes rule in § 1915(g).

### III. Revocation of IFP Status and Dismissal Without Prejudice

Because Plaintiff has previously brought at least three lawsuits that have been dismissed on the basis that they were frivolous, malicious, or failed to state a claim, and because Plaintiff does not fall under the exception to the three-strikes rule, he is barred from bringing this suit *in forma pauperis* under § 1915 and his IFP status must be revoked. When a court denies a prisoner leave to proceed *in forma pauperis* pursuant to the three-strikes provision of § 1915(g), the proper procedure is to dismiss the complaint without prejudice.

---

[1] Because Plaintiff is proceeding pro se, the allegations in his complaint are construed liberally. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("We construe the complaint liberally because it was drafted by a pro se plaintiff."); *see also Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (construing the allegations in a pro se complaint liberally to determine whether the § 1915(g) danger exception was satisfied).

[2] Claims One and Three of Plaintiff's complaint were dismissed in the order dated January 12, 2009 (Doc. #22).

*See Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997) (affirming district court's denial of a prisoner's request for *in forma pauperis* status and dismissal of complaint without prejudice pursuant to § 1915(g));  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (citing, among other cases, *McGee v. Myers*, 10 Fed.Appx. 528, 529 (9th Cir. 2001) (unpublished)). Section 1915(g) does not impair any substantive rights of prisoners but merely affects their ability to proceed *in forma pauperis*. *Tierney*, 128 F.3d at 1312.  Because of this, when a prisoner's *in forma pauperis* status is denied or revoked, nothing prevents the prisoner from re-filing his suit upon payment of the filing fees.  *Id.*; *Dupree*, 284 F.3d at 1236.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Revoke Plaintiff's IFP Status (Doc. #37) is **GRANTED**.  Plaintiff has three prior strikes under § 1915(g) and therefore he is barred from bringing this suit *in forma pauperis* and his IFP status is hereby revoked.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Doc. #18) and this action are **DISMISSED** without prejudice to Plaintiff reinitiating his suit and paying the requisite filing fee. **The Clerk of Court is directed to close this case and enter judgment accordingly.**

**IT IS FURTHER ORDERED** that Defendant Tarter's Motion to Dismiss (Doc. #45) is **DENIED** as moot in light of this order.

DATED this 22nd day of March, 2010.

_____
John M. Roll
Chief United States District Judge