# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO. 1:06-cv-00512-LJO-SMS PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; STRIKING ORDER DISMISSING ACTION; REINSTATING PLAINTIFF'S IN FORMA PAUPERIS STATUS; AND DEEMING DEFENDANTS' MOTION TO DISMISS RESUBMITTED |
| v. | |
| JEANNE WOODFORD, et al., | |
| Defendants. | |
| | (ECF No. 53) |
| | ORDER STRIKING MOTION FOR RECONSIDERATION AND REQUEST FOR JUDICIAL NOTICE AS DUPLICATIVE |
| | (ECF No. 55, 56) |
| | ORDER DENYING PLAINTIFF'S REQUEST FOR DECISION ON PENDING MOTION AS MOOT |
| | (ECF No. 62) |
| | ORDER DIRECTING THE CLERK'S OFFICE TO SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT |

## I. Procedural History

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 28, 2006. On March 22, 2010, an order issued granting Defendants' motion to revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and motion to dismiss, and this action was dismissed. (ECF No. 51.) On April 8, 2010 and April 14, 2010, Plaintiff filed duplicate motions for reconsideration of

1

1  the order dismissing the action and requests for judicial notice. (ECF Nos. 53, 54, 55, 56.) On April
2  22, 2010, Plaintiff filed a notice of appeal. (ECF No. 57.) On May 25, 2010, the Ninth Circuit
3  issued an order holding the appellate proceeding in abeyance pending resolution of Plaintiff's
4  motions for reconsideration. (ECF No. 61.) On November 16, 2010, Plaintiff filed a request for
5  decision on the pending motion for reconsideration. (ECF No. 62.) On July 26, 2011, this action
6  was reassigned to the undersigned. (ECF No. 63.)

7  Plaintiff has filed duplicate motions for reconsideration and the motion and request for
8  judicial notice filed April 14, 2010, are stricken from the record as duplicative. Additionally, based
9  upon the issuance of this order, Plaintiff's motion requesting a decision on the pending motion shall
10 be denied as moot.

11 **II.    Legal Standard**

12 Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms,
13 the court may relieve a party . . .from a final judgment, order, or proceeding for the following
14 reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence .
15 . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged;
16 . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).  Where none of these
17 factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th
18 Cir. 1991). "A motion for reconsideration should not be granted, absent highly unusual
19 circumstances, unless the district court is presented with newly discovered evidence, committed clear
20 error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise
21 arguments or present evidence for the first time when they could reasonably have been raised earlier
22 in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880
23 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

24 **III.   Discussion**

25 Plaintiff claims that the Court erroneously counted dismissal of his prior action as a strike.
26 Since this action is not a strike he is not precluded from proceeding in forma pauperis pursuant to
27 section 1915(g), or, in the alternative, he should have been allowed an opportunity to pay the full
28 filing fee prior to this action being dismissed. Plaintiff alleges that the Court committed an error in

1  counting his prior dismissals as strikes and his motion for reconsideration is granted.

2  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike. Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of section 1915(g). If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under section 1915(g).

The Court found that Palmer v. Johnson, No. 2:05-cv-07121-UA-E (C.D.Cal. Nov. 2, 2005); Palmer v. Crawford, No. 3:03-cv-01271-SI (N.D.Cal. May 16, 2003); and Palmer v. Lamarque, No. 3:03-cv-00956-SI (N.D.Cal. May 16, 2003), were dismissed for failure to state a claim and counted as strikes under section 1915(g).

In the order dismissing Palmer v. Johnson, No. 2:05-cv-07121-UA-E (C.D.Cal. Nov. 2, 2005), it is clearly stated that the complaint fails to state a claim upon which relief can be granted. Johnson was dismissed prior to Plaintiff filing the instant action and counts as a strike under section 1915(g).

Plaintiff's complaint in Palmer v. Lamarque, No. 3:03-cv-00956-SI (N.D.Cal. May 16, 2003), was dismissed on April 30, 2003, for failure to state a claim and Plaintiff was granted until May 23, 2003, to file an amendment or an amended complaint. On May 16, 2003, the action was dismissed without prejudice. Plaintiff filed a motion for leave to file an amended complaint on August 5, 2003,

3

and was advised that he could file a new complaint, but could not continue to litigate this action. Plaintiff did not file an amendment or an amended complaint within the time granted by the court. Since the complaint was dismissed for failure to state a claim, this dismissal is a strike under section 1915(g). Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

Plaintiff's complaint in Palmer v. Crawford, No. 3:03-cv-01271-SI (N.D.Cal. May 16, 2003), was dismissed with leave to amend. Subsequently, rather than amending the complaint, Plaintiff filed a notice of voluntary dismissal and the action was dismissed. For the purpose of section 1915(g), the dismissal of the action, not the dismissal of the complaint, counts as a strike. Since the dismissal in Crawford was based upon Plaintiff's voluntary withdrawal of the suit it is not a prior strike under section 1915(g).

Accordingly, at the time Plaintiff filed the complaint in this action he had only accrued two strikes pursuant to section 1915(g) and was entitled to proceed in forma pauperis. Since the action was dismissed based upon the finding that Plaintiff was not entitled to proceed in forma pauperis, the other grounds in Defendants motion to dismiss were not addressed. Accordingly, Defendants motion to dismiss shall be deemed resubmitted and referred to the Magistrate Judge for further consideration.

**IV.  ORDER**

Based on the foregoing it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed April 8, 2010, is GRANTED;
2. Plaintiff's motion for reconsideration and request for judicial notice, filed April 14, 2010, are STRICKEN as duplicative;
3. Plaintiff's motion for decision on pending motion, filed November 16, 2010, is DENIED as moot;
4. The order dismissing the case and judgment issued on March 22, 2010, are VACATED;
5. The Clerk of the Court is directed to REOPEN this action;
6. Plaintiff's in forma pauperis status is REINSTATED;
7. Defendants' motion to dismiss, filed October 8, 2009, is deemed RESUBMITTED;

8. This action is referred back to the Magistrate Judge for further consideration of Defendants motion to dismiss; and

9. The Clerk of the Court is directed to serve a copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **August 4, 2011**                              /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE