# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO. 1:06-cv-00512-LJO-SMS PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S OBJECTION TO APPOINTMENT OF MAGISTRATE |
| v. | |
| JEANNE WOODFORD, et al., | (ECF No. 66) |
| Defendants. | |

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2011, an order issued granting Plaintiff's motion for reconsideration of the order finding Plaintiff was subject to 28 U.S.C. § 1915(g) and dismissing the action. (ECF No. 65.) This action was reinstated, the complaint was rescreened, and Plaintiff was directed to file an amended complaint or notify the Court which of the claims found to be cognizable he wished to proceed on in this action. On September 12, 2011, Plaintiff filed an objection to the appointment of the Magistrate Judge. (ECF Nos. 66)

In his objection, Plaintiff states that he did not consent to the appointment of the Magistrate Judge. However a review of the record in this action shows that Plaintiff filed a consent to the jurisdiction of the Magistrate Judge on May 17, 2006. (ECF No. 5.) Additionally, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction. 28 U.S.C. § 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial

matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

This matter was referred to the undersigned pursuant to section 636 and Local Rule 302. Where a party declines Magistrate Judge jurisdiction the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to section 636 and Local Rule 302, for non-dispositive matters and for the issuance of findings and recommendations on dispositive motions.

Plaintiff's disagreement with the Court's orders provides no basis for the withdrawal of his earlier consent. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). Further, even had Plaintiff declined Magistrate Judge jurisdiction it would not effect the referral of this case to the Magistrate Judge for non-dispositive matters. To the extent that Plaintiff's objection could be construed as a motion to withdraw his consent to the jurisdiction of the Magistrate Judge, it is denied.

Additionally, Plaintiff objects to the pleading standard set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), being retroactively applied to this action. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)

(emphasis added).  Accordingly, screening and re-screening that may result in dismissal of claims and/or defendants can be done at any time and should be done when clarifications in pleading standards are rendered by higher courts which narrow and/or clarify claims raised in any pending action.  It is merely coincidence that this action has not previously been reviewed in light of the changed pleading standards as delineated in Iqbal, 129 S. Ct. 1937; see Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).  It matters not that prior screening of this action was conducted under more lenient standards.  When new precedent is enacted by higher courts, it does not apply solely to cases that are subsequently filed; rather it is to apply to all pending cases unless specified to the contrary.

IT IS SO ORDERED.

**Dated:   October 11, 2011**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE