# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>           Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>           Defendants.<br>_____ / | CASE NO. 1:06-cv-00512-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 72, 75) |

   Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On March 22, 2010, this action was dismissed after an erroneous finding that he was subject to 42 U.S.C. § 1915(g). Following the reassignment of this action, the undersigned issued an order granting Plaintiff's motion for reconsideration, the action was reinstated, and referred back to the Magistrate Judge. On August 22, 2011, in light of the reassignment of this action, the Magistrate Judge re-screened the complaint and an order issued directing Plaintiff to notify the court which of his unrelated cognizable claims he wished to proceed on in this action. On September 12, 2011, Plaintiff filed an objection to the appointment of a Magistrate Judge.  Plaintiff filed a response on September 21, 2011, notifying the Court which of the claims he wished to proceed on in this action. An order issued on October 12, 2011, addressing Plaintiff's objection to the appointment of the Magistrate Judge. On October 12, 2011, the Magistrate Judge filed a findings and recommendations recommending dismissing certain claims and defendants which contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.  On November 17, 2011, Plaintiff filed an objection.

   In his objections, Plaintiff states that the Magistrate Judge did not address his claims against

Defendant Johnson. The Court has reviewed the first amended complaint. While Plaintiff's objection refers to numerous allegations against Defendant Johnson, the first amended complaint contains very little mention of her. In the first amended compliant, Plaintiff states that after he was transferred to the Substance Abuse Treatment Facility ("SATF"), Plaintiff was issued an Administrative Segregation Unit ("ASU") Placement Notice informing him that Defendant Johnson had told Defendant Gallagher that she feared for her safety because of Plaintiff's presence. Prior to being transferred to SATF, Plaintiff had been informed that he would not be placed in ASU due to Defendant Johnson being employed at SATF. (First Am. Compl. 3.2, ECF No. 18.) In his objection Plaintiff claims numerous allegations were not addressed, however, these allegations were not included in the first amended complaint and the Magistrate Judge was not in error in failing to find a claim against Defendant Johnson.

Plaintiff objects to the Magistrate Judge re-screening his complaint. This case has been assigned to the undersigned due to Defendants' declining to consent to the jurisdiction of the Magistrate Judge. Where a party declines Magistrate Judge jurisdiction the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to section 636 and Local Rule 302, for non-dispositive matters and for the issuance of findings and recommendations on dispositive motions.

Additionally, Plaintiff objects to the pleading standard set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), being retroactively applied to this action. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Accordingly, screening and re-screening that may result in dismissal of claims

and/or defendants can be done at any time and should be done when clarifications in pleading standards are rendered by higher courts which narrow and/or clarify claims raised in any pending action. Based upon this action being reassigned and reinstated the Magistrate Judge acted within her authority in re-screening in light of the changed pleading standards as delineated in Iqbal, 129 S. Ct. 1937; see Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).  It matters not that prior screening of this action was conducted under more lenient standards.  When new precedent is enacted by higher courts, it does not apply solely to cases that are subsequently filed; rather it is to apply to all pending cases unless specified to the contrary.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed October 12, 2011, is adopted in full;
2. This action shall proceed on the first amended complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial of access to the court in violation of the First Amendment for damages;
3. Defendants Jordnt and Bardonnex are ordered to file a responsive pleading within thirty days;
4. All remaining claims and Defendants are dismissed from this action, without prejudice;
5. Defendant Tarter's motion to dismiss, filed October 8, 2009, is denied as moot; and
6. This action is referred back to the Magistrate Judge.

IT IS SO ORDERED.

**Dated:   November 21, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE