# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>               Plaintiff,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>               Defendants. | CASE NO. 1:06-cv-00512-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 78) |

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Following the reassignment of this action to the undersigned, the Magistrate Judge rescreened Plaintiff's complaint and found that the cognizable claims were unrelated. On August 22, 2011, an order issued informing Plaintiff that he his complaint violated Federal Rule of Civil Procedure 18 and directing Plaintiff to either file an amended complaint or notify the court which of the cognizable claims he wished to proceed on. Following Plaintiff's notice of the claims he wished to pursue in this action, findings and recommendations issued on October 12, 2011. Plaintiff filed objections on November 17, 2011, and an order issued on November 22, 2011, dismissing the unrelated claims and defendants from this action. Plaintiff filed a motion for reconsideration on December 14, 2011.

Plaintiff argues that the dismissal of claims and defendants as unrelated is not authorized by 28 U.S.C. § 1915A. Since section 1915A does not list being unrelated as a grounds for dismissal Plaintiff requests that the claims be reinstated in this action.

Although Plaintiff states that he brings his motion pursuant to Federal Rule of Civil

1

1  Procedure 59, the motion is appropriately brought under Federal Rule of Civil Procedure 60.
2  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the
3  court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons:
4  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud
5  . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6)
6  any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).  Where none of these factors is
7  present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

8        The Court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
10 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
12 monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
13 Since Plaintiff is a state prisoner the Court screens his complaint pursuant to 28 U.S.C. § 1915A.
14 However, the Prison Litigation Reform Act does not address the joinder of unrelated claims or
15 parties in a suit.

16       The Federal Rules of Civil Procedure set forth the rules regarding joinder of parties or claims.
17 "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent
18 or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).
19 "Unrelated claims against different defendants belong in different suits, not only to prevent the sort
20 of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
21 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous
22 suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §
23 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

24       Additionally, a claim may be brought against multiple defendants so long as (1) the claim
25 arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2)
26 there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d
27 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371,
28 1375 (9th Cir. 1980).

1       The claims Plaintiff attempted to bring in this action do not conform with the requirements
2 of Federal Rules of Civil Procedure 18 and 20, therefore they could not proceed in a single action.
3 Plaintiff informed the Court which of the claims he wished to proceed on in this action.  The
4 remaining claims and defendants were appropriately dismissed, without prejudice, so Plaintiff could
5 raise them in a new action.  According, Plaintiff's motion for reconsideration, filed December 14,
6 2011, is HEREBY DENIED.

      IT IS SO ORDERED.

**Dated:**   **December 15, 2011**            /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE