# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00512-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. )<br><br>THIRTY-DAY DEADLINE |

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial of access to the court in violation of the First Amendment. On December 30, 2011, Plaintiff filed a motion for an order directing the California Department of Corrections and Rehabilitation to provide Plaintiff with his legal documents and a typewriter.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

1 which provides in relevant part, "Prospective relief in any civil action with respect to prison
2 conditions shall extend no further than necessary to correct the violation of the Federal right of a
3 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
4 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
5 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
6 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff is currently incarcerated at Centinela State Prison and claims that he is being denied access to his legal materials and typewriter. In this instance the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to his claims against Defendants Jordnt and Bardonnex for incidents that occurred at the California Substance Abuse Treatment Facility, Corcoran. <u>Lyons</u>, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); <u>also</u> <u>Summers v. Earth Island Inst.</u>, 129 S. Ct. 1142, 1148-49 (2009); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102-04, 107 (1998). The relief requested by Plaintiff is not related to the underlying claims against Defendants Jordnt and Bardonnex. Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's motion for equitable relief should be denied.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for a court order, filed December 30, 2011, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 9, 2012**          /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE

2