# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO. 1:06-cv-00512-LJO-BAM PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A COURT ORDER |
| v. | |
| JEANNE WOODFORD, et al., | (ECF Nos. 82, 83) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| / | (ECF No. 93) |

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial of access to the court in violation of the First Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2012, findings and recommendations issued recommending denying Plaintiff's motion for a court order to direct the California Department of Corrections and Rehabilitation to provide Plaintiff with his legal documents and typewriter. Objections were to be filed within thirty days. Rather than filing an objection, Plaintiff filed another motion for a preliminary injunction directing correctional officials to provide him with his legal property (including his law books and typewriter), adequate access to the law library, and single cell status.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This

1 requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and
2 particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be
3 fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial
4 decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142,
5 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

6 In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
7 which provides in relevant part, "Prospective relief in any civil action with respect to prison
8 conditions shall extend no further than necessary to correct the violation of the Federal right of a
9 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
10 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
11 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
12 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

13 According to the heading on the motion, Plaintiff is currently incarcerated at California State
14 Prison, Lancaster, and claims that he is being denied access to his legal materials and typewriter.
15 In this instance the case or controversy requirement cannot be met in light of the fact that the issue
16 Plaintiff seeks to remedy in his motion bears no relation to his claims against Defendants Jordnt and
17 Bardonnex for incidents that occurred at the California Substance Abuse Treatment Facility,
18 Corcoran. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); 18 U.S.C. § 3626(a)(1)(A); also
19 Summers, 129 S. Ct. at 1148-49; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107
20 (1998). The relief requested by Plaintiff is not related to the underlying claims against Defendants
21 Jordnt and Bardonnex. Since the relief sought would not remedy the violation of the Federal right
22 at issue here, the Court cannot grant the requested relief and Plaintiff's motion for a preliminary
23 injunction is denied. Plaintiff is advised that the Court cannot grant the relief he is requesting and
24 any further similar motions will be stricken from the record.

25 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
26 de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings
27 and recommendations to be supported by the record and by proper analysis.
28 ///

1    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

2    1.    The findings and recommendations, filed January 9, 2012, is adopted in full;

3    2.    Plaintiff's motion for a court order, filed December 30, 2011, is DENIED;

4    3.    Plaintiff's motion for a preliminary injunction, filed February 9, 2012, is DENIED;

5           and

6    4.    This action is referred back to the Magistrate Judge.

7    IT IS SO ORDERED.

8    **Dated:    February 28, 2012**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE