1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   WILL MOSES PALMER, III,                     CASE NO. 1:06-cv-00512-LJO-BAM PC

10                       Plaintiff,              ORDER STRIKING SECOND AMENDED
                                                COMPLAINT
11          v.
                                                (ECF No. 97)
12   JEANNE WOODFORD, et al.,

13                       Defendants.
                                          /
14

15          Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil

16   rights action pursuant to 42 U.S.C. § 1983.   This action is proceeding on the first amended

17   complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial

18   of access to the court in violation of the First Amendment.  On December 22, 2011 Defendants filed

19   an answer to the first amended complaint.  A second amended complaint was lodged on March 14,

20   2012.  (ECF No. 97.)

21          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

22   pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,

23   a party may amend only by leave of the court or by written consent of the adverse party, and leave

24   shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and

25   leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v.

26   Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However,

27   courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2)

28   is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor

1

1  of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v.

2  Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade,

3  198 F.3d 752, 757-58 (9th Cir. 1999)).

4       Plaintiff has previously filed an amended complaint and an answer has been filed.  Plaintiff

5  did not file a motion to amend, nor has the Court granted leave to amended.  Therefore the amended

6  complaint shall be stricken from the record.

7       Accordingly, it is HEREBY ORDERED that Plaintiff's second amended complaint, lodged

8  March 14, 2012, is STRICKEN from the record.

9     IT IS SO ORDERED.

10  **Dated:   March 16, 2012**                    **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

2