# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO. 1:06-cv-00512-LJO-BAM PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | (ECF No. 101) |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 28, 2006, and is proceeding on the first amended complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial of access to the court in violation of the First Amendment. On August 4, 2012, Plaintiff filed a motion for leave to file a second amended complaint to allege claims against two additional defendants, Munoz and Lopez.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor

of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)).

    Plaintiff did not submit a second amended complaint or supply sufficient information for the Court to determine if leave to amend would prejudice the opposing party; is being sought in bad faith; would produce an undue delay in the litigation; or would be futile.  Accordingly, Plaintiff's motion for leave to file a second amended complaint is HEREBY DENIED.

    IT IS SO ORDERED.

**Dated:**    **April 5, 2012**              /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE