# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | CASE NO. 1:06-cv-00512-LJO-BAM PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT (ECF Nos. 101, 107) |
| v. | |
| JEANNE WOODFORD, et al., | ORDER REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS (ECF No. 103) |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING DEFENDANTS TO RE-SERVE DISCOVERY RESPONSES WITHIN FOURTEEN DAYS (ECF Nos. 104, 108) |
| _____/ | ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE DISCOVERY AND SCHEDULING ORDER (ECF No. 106) |
| | THIRTY DAY DEADLINE |

I.    **Background**

        Plaintiff Will Moses, Palmer, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following reconsideration of the prior Magistrate Judge's order revoking Plaintiff's in forma pauperis status, this action is proceeding on the first amended complaint, filed August 29, 2007, against Defendants Jordnt and Bardonnex for retaliation and denial of access to the court in violation of the First Amendment. (ECF No. 72.)  On  December 27, 2011, an order issued opening discovery in this action.  (ECF No.

1

81.)  Plaintiff filed a motion for leave to file a second amended complaint on April 4, 2012.  (ECF No. 101.)  On April 6, 2012, an order issued denying Plaintiff's motion because he had not submitted an amended complaint with his motion.  (ECF No. 102.)  On that same date, Plaintiff filed a second amended complaint.  (ECF No. 103.)  On May 15, 2012, Plaintiff filed a motion to compel discovery.  (ECF No. 104.)  On May 16, 2012, an order issued vacating the order denying Plaintiff's motion for leave to file an amended complaint, and directing Defendants to file an opposition or statement of non-opposition to the motions before the Court.  (ECF No. 105.)  On June 4, 2012, Plaintiff filed a motion to modify the scheduling order and discovery cut-off dates.  (ECF No. 106.)  Defendants filed a statement of non-opposition to Plaintiff's motion for leave to amend and an opposition to Plaintiff's motion to compel discovery on June 6, 2012.  (ECF Nos. 107, 108.)

**II.**     **Motion for Leave to File Second Amended Complaint**

Plaintiff seeks leave to file an amended complaint to add Defendants Lopez and Munoz as defendants.  Defendants do not oppose the motion to file an amended complaint and request forty five days in which to file a responsive pleading, if the complaint is found to state a cognizable claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  Plaintiff's motion for leave to file a second amended complaint shall be granted.

**III.**    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
2  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
3  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell
4  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

5       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7  higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
8  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
9  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
10 Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.
11 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that
12 are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.
13 Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

14      Further, under section 1983, Plaintiff must demonstrate that each defendant personally
15 participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
16 Although a court must accept as true all factual allegations contained in a complaint, a court need
17 not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.
18 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
19 do not suffice."  Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

20 **IV.    Second Amended Complaint Allegations**

21      On December 7, 2005, Plaintiff was placed in the administrative segregation unit ("ASU").
22 (Sec. Am. Compl. ¶ 1, ECF No. 103.)  Plaintiff informed Defendants Lopez, Jordnt, and Bardonnex
23 of his pending court cases and his need to access the law library and his legal property.  (Id. at ¶ 3.)
24 Plaintiff obtained a court order for law library access and telephone call to a private investigator.
25 (Id. at ¶ 4.)  Plaintiff began to complain that he was not given adequate law library access or his court
26 ordered phone calls.  (Id. at ¶ 5.)  Plaintiff alleges that in retaliation for these complaints, Defendants
27 Lopez and Jordnt refused to issue Plaintiff his legal property.  (Id. at ¶ 6.)  Defendants Jordnt and
28 Lopez informed Plaintiff that they had searched and were not able to find his property, although it

1   had actually been received by the institution.  (Id. at ¶¶ 7, 9.)  Defendants Jordnt and Bardonnex

2   denied Plaintiff access to his legal materials and Defendant Bardonnex destroyed Plaintiff's requests

3   for copying.  (Id. at ¶ 10.)

4           Plaintiff contacted the court and as a result, an order issued directing the Attorney General

5   to contact prison officials regarding Plaintiff's legal property.  (Id. at ¶ 12.)  Defendants Bardonnex

6   and Munoz were directed to provide Plaintiff with his legal property.  Plaintiff noticed that the box

7   which contained his television set was wet on the bottom and a cable screw had been broken.  (Id.

8   at ¶ 13.)  Defendant Bardonnex stood four to five feet away from Plaintiff and opened two of

9   Plaintiff's five boxes of legal documents.  (Id. at ¶ 14.)  Plaintiff was instructed to tell Defendant

10  Bardonnex what he needed.  Plaintiff began selecting folders with the relevant case numbers,

11  however after going through only two of the boxes, Defendant Bardonnex informed Plaintiff that it

12  was time for him to go home, leaving Plaintiff without the documents he needed.  (Id. at ¶ 15.)

13          Plaintiff complained to the court a second time, and an order issued directing the prison to

14  provide Plaintiff with his legal documents and typewriter.  (Id. at ¶ 16.)  On seeing Plaintiff's

15  typewriter in his cell, Defendant Munoz became irate and demanded that Plaintiff turn over his

16  typewriter.  Plaintiff informed Defendant Munoz that he had a court order for the typewriter and a

17  right to refuse the unlawful instruction to give it up.  (Id. at ¶ 17.)  After Plaintiff was threatened with

18  pepper spray and cell extraction, Defendant Munoz informed Plaintiff that he would take Plaintiff's

19  typewriter while he showered and it would end up like Plaintiff's television.  (Id. at ¶ 18.)  As a

20  result of not having his legal paperwork and being denied access to the law library, Plaintiff had his

21  habeas proceedings dismissed, was unable to effectively prosecute his civil proceedings, and

22  informed the trial judge that he was pleading no contest to the criminal charges due to being harassed

23  and retaliated against by defendants.  (Id. at ¶ 19.)

24          Plaintiff alleges that Defendants Lopez, Jordnt, Bardonnex, and Munoz violated the First

25  Amendment by retaliating against him for exercising his protected right and by denying access to

26  the courts.  Additionally, Plaintiff alleges that Defendant Bardonnex and Munoz violated his

27  Fourteenth Amendment rights by destroying his television set.  (Id. at p. 6.)  Plaintiff is seeking

28  compensatory and punitive damages, and injunctive and declaratory relief.  (Id. at p. 7.)

1  **V.**   **Discussion**

2       **A.**   **Retaliation**

3       A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

4  under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

5  retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

6  state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

7  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

8  (5) the action did not reasonable advance a legitimate correctional goal."  Rhodes v. Robinson, 408

9  F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

10       Plaintiff's allegations that, because he complained that he was not receiving library access

11  and court ordered phone calls, Defendants Lopez and Jordnt refused to release his legal property, and

12  Defendant Bardonnex destroyed his requests for copying are sufficient to state a claim for retaliation

13  in violation of the First Amendment.  However, Plaintiff's allegations that Defendant Munoz became

14  upset upon seeing Plaintiff's typewriter in his cell and threatened to take it while he showered are

15  insufficient to allege adverse action.  While Plaintiff alleges that Defendant Munoz stated his

16  typewriter would end up destroyed and not working like his television, this is insufficient to show

17  that Defendant Munoz was responsible for the damage to Plaintiff's television set, nor does the

18  complaint set forth any factual allegations that his typewriter was taken or destroyed.  Plaintiff fails

19  to state a retaliation claim against Defendant Munoz.

20       **B.**   **Access to the Courts**

21       Plaintiff alleges an access to the courts claim based upon his habeas petition being dismissed,

22  being unable to effectively litigate his civil cases, and his criminal case.  Inmates have a fundamental

23  constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v.

24  Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  While Plaintiff alleges a violation due to his inability to

25  effectively litigate his civil actions, the right is merely the right to bring to court a grievance the

26  inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights

27  actions.  Lewis, 518 U.S. at 354.  Prisoners do not have a right to bring civil actions under the First

28  Amendment.  Further although Plaintiff alleges that he told the judge in his criminal case he was

pleading no contest due to retaliation, this is insufficient to state a claim for denial of access to the court.

Plaintiff's allegation that his habeas petition was dismissed due to his not having access to his legal property is sufficient to state a claim against Defendants Lopez, Jordnt, and Bardonnex.

### C.   Property Deprivation

Plaintiff alleges that Defendants Bardonnex and Munoz destroyed his television set in violation of the Fourteenth Amendment. Plaintiff's allegation that Defendant Bardonnex was present when he discovered the damage to his television set is insufficient to link Defendant Bardonnex to the damage. Plaintiff has not set forth any factual allegations sufficient to link any defendant to the damage to his television set.

Finally, even if Plaintiff was to link any named defendant to the damage to his television, he fails to state a cognizable claim. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his television was damaged sometime during the transfer between institutions. Whether the cause of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

### D.   Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759

1   F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

2   verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

3   violated.  Accordingly, a declaration that Defendants Lopez, Jordnt, and Bardonnex violated

4   Plaintiff's rights is unnecessary.

5        **E.    Injunctive Relief**

6        Plaintiff seeks an injunction enjoining Plaintiff from depriving him of his legal property,

7   including his typewriter and legal books.  As Plaintiff has been previously informed on several

8   occasions, the relief he is seeking is unable to be granted in this action.

9        The Prison Litigation Reform Act places limitations on injunctive relief.  Section

10  3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison

11  conditions shall extend no further than necessary to correct the violation of the Federal right of a

12  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

13  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

14  violation of the Federal right, and is the least intrusive means necessary to correct the violation of

15  the Federal right."  18 U.S.C. § 3626(a)(1)(A).

16       The federal court's jurisdiction is limited in nature and its power to issue equitable orders

17  may not go beyond what is necessary to correct the underlying constitutional violations which form

18  the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555

19  U.S. 488, ___, 129 S. Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

20  103-04, 118 S. Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660,

21  1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff's claim in this

22  action arises from a past incident in which he alleges he was subject to retaliation.  The pendency

23  of this action does not confer on the Court jurisdiction to issue an order directing that the prison

24  provide Plaintiff with access to his legal property and typewriter because such an order would not

25  remedy the underlying legal claim, which involves Defendants' past conduct.  18 U.S.C. §

26  3626(a)(1)(A); Summers, 129 S. Ct. 1142 at 1149; Steel Co., 523 U.S. at 103-04; Lyons, 461 U.S.

27  at 101; Mayfield, 599 F.3d at 969.  Plaintiff's request for injunctive relief is not cognizable.

28  Accordingly, this action shall proceed as one for money damages only.

## VI.    Motion to Compel

Plaintiff filed a motion to compel alleging Defendants have not provided discovery within the time granted by the Court.  Defendants respond, with a declaration signed under penalty of perjury by defense counsel, that discovery was served on April 17, 2012, within the fifteen day extension of time granted by the Court.  The discovery has not been returned and until Plaintiff filed the motion to compel Defendants were unaware that he had not received their responses.  Accordingly, Plaintiff's motion to compel shall be denied, and Defendants are to re-serve their discovery responses within fourteen days.

## VII.   Motion to Amend the Discovery and Scheduling Order

Plaintiff requests that the amended pleading deadline be extended from June 27, 2012, to August 27, 2012, and the discovery cut-off date be extended from August 27, 2012, to October 27, 2012.

Since Plaintiff is being granted the opportunity to file an amended complaint within thirty days, Plaintiff's motion to extend the amended pleading deadline to August 27, 2012 is denied.  If Plaintiff needs additional time to file an amended complaint, he can file a motion for an extension of time setting forth good cause.  Additionally, the Court finds that Plaintiff's motion to extend the discovery cut-off date is premature.  Defendants shall be serving their discovery responses within fourteen days and discovery in this action is open until August 27, 2012.  Accordingly Plaintiff's motion to amend the discovery and scheduling order shall be denied.

## VIII.  Conclusion and Order

Plaintiff's second amended complaint sets forth a cognizable claim against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts in violation of the First Amendment, but does not state any other claims for relief under section 1983.  The Court will provide Plaintiff with one final opportunity to file a third amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts in violation of the First Amendment, Plaintiff may so notify the Court in writing.  The other

defendants and claims will then be dismissed for failure to state a claim.  Plaintiff will then be provided with one summons and one USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Lopez.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for leave to file a second amended complaint, filed April 4, 2012, is GRANTED;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File a third amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts in violation

9

of the First Amendment;

4.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order;

5.   Plaintiff's motion to compel discovery, filed May 15, 2012, is DENIED;

6.   Within fourteen days from the date of service of this order, Defendants shall re-serve their discovery responses; and

7.   Plaintiff's motion to amend the discovery and scheduling order, filed June 4, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **June 8, 2012**          /s/ **Barbara A. McAuliffe**
                                  UNITED STATES MAGISTRATE JUDGE