UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>    Plaintiff,<br><br>    v.<br><br>JORDNT, et al.,<br><br>    Defendants. | Case No.: 1:06-cv-00512-LJO-BAM PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT LOPEZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF No. 119)<br><br>THIRTY-DAY DEADLINE |

**I.     Introduction**

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 28, 2006.  (ECF No. 1.)  This action now proceeds on Plaintiff's second amended complaint against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts.  (ECF Nos. 111, 112.)  Defendants Jordnt and Bardonnex have answered the second amended complaint.

**II.     Service by the United States Marshal**

On July 23, 2012, following screening of the second amended complaint, the court issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Lopez.  (ECF No. 114.)  The United State Marshal's office reported that they did not receive service documents for Defendant Lopez.  Accordingly, on November 29, 2012, the court submitted service

1

documents to Plaintiff for completion and return. (ECF No. 116.) Plaintiff returned the service documents for Defendant Lopez on January 7, 2013. (ECF No. 117.) On the same date, the court again issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Lopez. (ECF No. 118.) On May 16, 2013, the Marshal filed a return of service unexecuted as to Defendant Lopez. (ECF No. 119.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff has not provided sufficient information to identify Defendant Lopez and to locate this defendant for service of process. (ECF No. 119.) If Plaintiff is unable to provide the Marshal with additional information, Defendant Lopez shall be dismissed from this action, without prejudice. Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendant Lopez should not be dismissed from the action at this time.

2

**III.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Lopez should not be dismissed from this action; and

2.     <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Lopez from this action.</u>

IT IS SO ORDERED.

Dated:   **May 20, 2013**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE