UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | ) Case No.: 1:06-cv-00512-LJO-BAM PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING DISMISSAL OF DEFENDANT LOPEZ FOR FAILURE TO EFFECTUTATE SERVICE OF PROCESS |
| JORDNT, et al., | ) |
| Defendants. | ) (ECF No. 111, 112, 120) |

Plaintiff Will Moses Palmer, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's second amended complaint against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts. (ECF Nos. 111, 112.)

On July 23, 2012, following screening of the second amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Lopez. (ECF No. 114.) Subsequently, the United State Marshal's office reported that they did not receive service documents for Defendant Lopez. Accordingly, on November 29, 2012, the Court submitted service documents to Plaintiff for completion and return. (ECF No. 116.) Plaintiff returned the service documents for Defendant Lopez on January 7, 2013. (ECF No. 117.) On the same date, the Court again issued an order directing the United States Marshal to initiate service of process in this action upon Defendant Lopez. (ECF No. 118.) On May 16, 2013, the Marshal filed a return of service

unexecuted as to Defendant Lopez.  (ECF No. 119.)  On May 20, 2013, the Court issued an order to show cause why Defendant Lopez should not be dismissed from this action for failure to effectuate service.  Plaintiff was ordered to respond within thirty (30) days from the date of service of the order.  (ECF No. 120.)  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff failed to provide sufficient information to identify Defendant Lopez and to locate this defendant for service of process.  This action has been pending since April 28, 2006, and Plaintiff was first ordered to submit documents to effect service on Defendant Lopez on June 27, 2012.  Subsequently, the Court ordered Plaintiff to re-submit documents to effect service on Defendant Lopez on November 29, 2012.  The Marshal filed a return of service unexecuted for Defendant Lopez on

May 16, 2013, indicating that there was insufficient information to identify/locate Defendant Lopez. Accordingly, in compliance with Rule 4(m), Plaintiff was provided with the opportunity to show cause why Defendant Lopez should not be dismissed from this action and to provide additional information to identify Defendant Lopez. Plaintiff failed to respond to this Court's order and failed to show cause why Defendant Lopez should not be dismissed from this action.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed against Defendant Lopez, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 5, 2013**          /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE