UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JORDNT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:06-cv-00512-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 123) |

### I.     Introduction

Plaintiff Will Moses Palmer, III ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2006. (ECF No. 1.) This action now proceeds on Plaintiff's second amended complaint against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts. (ECF Nos. 111, 112, 122.)

Currently pending before the Court is Defendants' motion to modify the discovery and scheduling order, which was filed on August 14, 2013. Plaintiff did not file any opposition or other response. The motion is deemed submitted. Local Rule 230(l).

### II.     Discussion

Defendants Jordnt and Bardonnex, proceeding through counsel from the Office of the Attorney General, answered the first amended complaint on December 22, 2011. (ECF No. 80.) Thereafter, the

1  Court issued a Discovery and Scheduling Order, which set the deadline for completion of discovery as
2  August 27, 2012, and the dispositive motion deadline as November 5, 2012.  (ECF No. 81.)
3  　　　　Subsequently, Plaintiff sought leave to file a second amended complaint, which the Court
4  granted on June 8, 2012.  Following screening, on January 7, 2013, the Court directed the United
5  States Marshal to serve the second amended complaint on Defendant Lopez.  (ECF No. 118.)  On May
6  16, 2013, the United States Marshal returned the summons unexecuted as to Defendant Lopez.  (ECF
7  No. 119.)  Accordingly, on May 20, 2013, the Court issued an order for Plaintiff to show cause why
8  Defendant Lopez should not be dismissed from this action for failure to provide sufficient information
9  to effectuate service.  (ECF No. 120.)  Plaintiff did not respond to the order to show cause.  The
10  undersigned issued findings and recommendations regarding dismissal of Defendant Lopez on July 5,
11  2013.  (ECF No. 121.)  Plaintiff did not file any objections to the findings and recommendations.
12  Thereafter, on August 12, 2013, the Court adopted the findings and recommendations and dismissed
13  Defendant Lopez from this action.  (ECF No. 122.)  Two days later, on August 14, 2013, Defendants
14  Jordnt and Bardonnex filed the instant motion requesting modification of the Discovery and
15  Scheduling Order to permit them to depose Plaintiff and to file their anticipated motion for summary
16  judgment.  (ECF No. 123.)
17  　　　　In seeking the requested modification, counsel for Defendants Jordnt and Bardonnex explains
18  that when the Court ordered that the second amended complaint be served on Defendant Lopez, it was
19  anticipated that all three of the defendants would be represented by the Office of the Attorney General.
20  Counsel believed that judicial economy and efficiency would be promoted by conducting a single
21  deposition of Plaintiff and filing a single motion for summary judgment that could resolve some or all
22  of the issues in this case.  (ECF No. 123-1, Declaration of Ellen Y. Hung ("Hung Dec.") ¶¶ 4.)
23  However, service was never effectuated on Defendant Lopez, and the Court dismissed Defendant
24  Lopez from this action on August 12, 2013.  Defendants Jordnt and Bardonnex now request that they
25  be permitted to complete Plaintiff's deposition within thirty days after resolution of this motion and to
26  file a summary judgment motion within sixty days after resolution of this motion.
27  ///
28  ///

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.

### B. Analysis

Based on Defendants' explanation for delaying their deposition of Plaintiff and motion for summary judgment until service of Defendant Lopez, the Court finds good cause to modify the scheduling order in this matter. Defendants could not control the length of time for attempted service of Defendant Lopez and there is no indication that Defendants were not diligent in meeting all other discovery and scheduling order deadlines. Further, Plaintiff has not objected to the requested extension.

### III. Conclusion and Order

For good cause appearing, Defendants' motion to modify the discovery and scheduling order is GRANTED. Defendants may depose Plaintiff within thirty (30) days after service of this order, and shall file and serve their motion for summary judgment within sixty (60) days after service of this order.

IT IS SO ORDERED.

Dated:   **September 13, 2013**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

3