1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  WILL MOSES PALMER, III,                    )   Case No.: 1:06-cv-00512-LJO-BAM PC
                                             )
12          Plaintiff,                       )   ORDER GRANTING DEFENDANTS' MOTION
                                             )   TO MODIFY DISCOVERY AND SCHEDULING
13      v.                                   )   ORDER
                                             )   (ECF No. 123)
14  JORDNT, et al.,                          )
                                             )
15          Defendants.                      )
                                             )
16  _____ )

17      **I.      Introduction**

18          Plaintiff Will Moses Palmer, III ("Plaintiff") is a state prisoner proceeding se and in forma

19  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on

20  April 28, 2006.  (ECF No. 1.)  This action now proceeds on Plaintiff's second amended complaint

21  against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts.  (ECF Nos.

22  111, 112, 122.)

23          Currently pending before the Court is Defendants' motion to modify the discovery and

24  scheduling order, which was filed on August 14, 2013.  Plaintiff did not file any opposition or other

25  response.  The motion is deemed submitted.  Local Rule 230(l).

26      **II.      Discussion**

27          Defendants Jordnt and Bardonnex, proceeding through counsel from the Office of the Attorney

28  General, answered the first amended complaint on December 22, 2011.  (ECF No. 80.)  Thereafter, the

1

1  Court issued a Discovery and Scheduling Order, which set the deadline for completion of discovery as

2  August 27, 2012, and the dispositive motion deadline as November 5, 2012.  (ECF No. 81.)

3  Subsequently, Plaintiff sought leave to file a second amended complaint, which the Court

4  granted on June 8, 2012.  Following screening, on January 7, 2013, the Court directed the United

5  States Marshal to serve the second amended complaint on Defendant Lopez.  (ECF No. 118.)  On May

6  16, 2013, the United States Marshal returned the summons unexecuted as to Defendant Lopez.  (ECF

7  No. 119.)  Accordingly, on May 20, 2013, the Court issued an order for Plaintiff to show cause why

8  Defendant Lopez should not be dismissed from this action for failure to provide sufficient information

9  to effectuate service.  (ECF No. 120.)  Plaintiff did not respond to the order to show cause.  The

10  undersigned issued findings and recommendations regarding dismissal of Defendant Lopez on July 5,

11  2013.  (ECF No. 121.)  Plaintiff did not file any objections to the findings and recommendations.

12  Thereafter, on August 12, 2013, the Court adopted the findings and recommendations and dismissed

13  Defendant Lopez from this action.  (ECF No. 122.)  Two days later, on August 14, 2013, Defendants

14  Jordnt and Bardonnex filed the instant motion requesting modification of the Discovery and

15  Scheduling Order to permit them to depose Plaintiff and to file their anticipated motion for summary

16  judgment.  (ECF No. 123.)

17  In seeking the requested modification, counsel for Defendants Jordnt and Bardonnex explains

18  that when the Court ordered that the second amended complaint be served on Defendant Lopez, it was

19  anticipated that all three of the defendants would be represented by the Office of the Attorney General.

20  Counsel believed that judicial economy and efficiency would be promoted by conducting a single

21  deposition of Plaintiff and filing a single motion for summary judgment that could resolve some or all

22  of the issues in this case.  (ECF No. 123-1, Declaration of Ellen Y. Hung ("Hung Dec.") ¶¶ 4.)

23  However, service was never effectuated on Defendant Lopez, and the Court dismissed Defendant

24  Lopez from this action on August 12, 2013.  Defendants Jordnt and Bardonnex now request that they

25  be permitted to complete Plaintiff's deposition within thirty days after resolution of this motion and to

26  file a summary judgment motion within sixty days after resolution of this motion.

27  ///

28  ///

2

1

**A. Legal Standard**

2      Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only

3   for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard

4   "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth

5   Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling

6   order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.

7      **B. Analysis**

8      Based on Defendants' explanation for delaying their deposition of Plaintiff and motion for

9   summary judgment until service of Defendant Lopez, the Court finds good cause to modify the

10  scheduling order in this matter.  Defendants could not control the length of time for attempted service

11  of Defendant Lopez and there is no indication that Defendants were not diligent in meeting all other

12  discovery and scheduling order deadlines.  Further, Plaintiff has not objected to the requested

13  extension.

14      **III.      Conclusion and Order**

15      For good cause appearing, Defendants' motion to modify the discovery and scheduling order is

16  GRANTED.  Defendants may depose Plaintiff within thirty (30) days after service of this order, and

17  shall file and serve their motion for summary judgment within sixty (60) days after service of this

18  order.

19

20  IT IS SO ORDERED.

21      Dated:   **September 13, 2013**              /s/ *Barbara A. McAuliffe*     _

22                                             UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

3