UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, | ) Case No.: 1:06-cv-00512-LJO-BAM PC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER OF PRETRIAL CONFERENCE MEETING |
| v. | ) (ECF No. 127) |
| JORDNT, et al., | ) |
| Defendants. | ) |

### I.     Introduction

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 28, 2006.  (ECF No. 1.)  This action now proceeds on Plaintiff's second amended complaint against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts.  (ECF Nos. 111, 112, 122.)

Currently pending before the Court is Plaintiff's motion for a court order directing Defendants to participate in a pretrial conference pursuant to Federal Rule of Civil Procedure 16.  The Court finds a response from Defendants unnecessary and the matter is deemed submitted.

### II.     Discussion

Plaintiff requests that the Court order Defendants to participate in a pretrial conference pursuant to Federal Rule of Civil Procedure 16.  According to Plaintiff, a pretrial conference is

necessary because Defendants have failed to discuss the second amended complaint and a discovery system that works for all parties.  Plaintiff also faults Defendants for failing to provide certain documents in response to his discovery requests, for failing to provide disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and for failing to comply with certain pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A).

Plaintiff's request for a pretrial conference is unnecessary and shall be denied.  The Court already has entered a discovery and scheduling order pursuant to Federal Rule of Civil Procedure 16. (ECF No. 81.)  Although Plaintiff claims that Defendants failed to provide responses to certain of Plaintiff's discovery requests, the proper mechanism to obtain any such responses was a motion to compel prior to the conclusion of the discovery deadline, which has now passed.

Plaintiff's complaints related to Defendants' failure to comply with the required initial disclosures of Federal Rule of Civil Procedure 26(a)(1) also are unwarranted.  The initial disclosures contemplated by Rule 26(a)(1) are not required in any action brought without an attorney by a person in the custody of the state, such as this one. Fed. R. Civ. P. 26(a)(1)(B)(iv).  Further, Plaintiff's complaints related to Defendants' purported failure to provide information pursuant to Rule 26(a)(3)(A) are premature.  Such disclosures are not required until 30 days before trial or as otherwise ordered by the Court. Fed. R. Civ. P. 26(a)(3)(B).  A trial has not been set in this matter and the Court has not ordered the disclosures.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's motion for an order requiring Defendants to participate in a pretrial conference is DENIED.

IT IS SO ORDERED.

Dated:   **October 15, 2013**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2