1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 WILL MOSES PALMER, III, | ) Case No.: 1:06-cv-00512-LJO-BAM PC |
| 12       Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER (ECF No. 129) |
| 13     v. | ) |
| 14 JORDNT, et al., | ) |
| 15       Defendants. | ) |
| 16 | ) |

### I. Introduction

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2006. (ECF No. 1.) This action now proceeds on Plaintiff's second amended complaint against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts. (ECF Nos. 111, 112, 122.)

On December 27, 2011, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of discovery as August 27, 2012, and the dispositive motion deadline as November 5, 2012. (ECF No. 81.) On September 13, 2013, the Court granted Defendants' motion to modify the Discovery and Scheduling Order, allowing Defendants to depose Plaintiff within thirty days and to file and serve their dispositive motion within sixty days. (ECF No. 124.)

Currently pending before the Court is Plaintiff's motion to modify the discovery and scheduling order, which was filed on October 11, 2013. (ECF No. 129.) On November 4, 2013, the Court directed Defendants to file an opposition or statement of non-opposition to Plaintiff's motion. (ECF No. 133.) On November 18, 2013, Defendants filed their response. (ECF No. 134.) The Court finds a reply unnecessary and the matter is deemed submitted. Local Rule 230(l).

**II.     Discussion**

A.   Legal Standard

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

B.   Depositions of Defendants

Plaintiff appears to request modification of the Discovery and Scheduling Order to allow him to depose defendants during his own deposition at defendants' expense. Defendants do not oppose Plaintiff's request to modify the discovery deadline for the sole purpose of deposing them, but object to Plaintiff's request that he be allowed to depose Defendants during his own deposition at Defendants' expense.

Plaintiff's request to extend the discovery deadline to depose Defendants during his deposition shall be denied for two separate reasons. First, the record in this action reflects that Plaintiff's deposition was completed on November 8, 2013. (ECF No. 135, p. 3.) Thus, Plaintiff's request for Defendants to appear at his deposition is now moot.

Second, Plaintiff's request ignores the requirements of Federal Rule of Civil Procedure 30. Rule 30 requires the party who wants to depose a person to provide written notice of the deposition. Rule 30 also requires the party who notices the deposition to state the method of recording, bear the costs of such recording and arrange for an officer to conduct the deposition. Fed. R. Civ. P. 30(b)(1), (3), (5). Plaintiff has not provided any authority for allowing the depositions to be conducted at

2

1  Defendants' expense. Further, there is no indication that Plaintiff can comply with the requirements of
2  Rule 30. At a minimum, Plaintiff admits that he cannot afford the costs associated with deposing
3  defendants. (ECF No. 129, p. 2.) Accordingly, an extension of the discovery deadline for the purpose
4  of allowing Plaintiff to depose Defendants at his own expense would be futile.

      C. Motion to Compel

In addition to his deposition request, Plaintiff requests modification of the discovery deadline to allow Defendants time to answer the interrogatories previously submitted for Defendant Lopez. Plaintiff also seeks an extension of the discovery deadline for the purpose of allowing Defendants to produce certain requested discovery or for Plaintiff to file a motion to compel. Plaintiff has not provided good cause to modify the discovery and scheduling order for these purposes.

First, Defendant Lopez is no longer a party to this action. Accordingly, the remaining Defendants are not obligated to answer interrogatories directed at Defendant Lopez. Second, to the extent Plaintiff seeks responses to document requests or an opportunity to file a motion to compel against the remaining defendants, Plaintiff has not demonstrated diligence in seeking to modify the Discovery and Scheduling Order.

Plaintiff purportedly believed that a new discovery schedule would be set following the filing of his second amended complaint. Plaintiff filed his second amended complaint on April 6, 2012. (ECF No. 103.) Subsequently, on June 8, 2012, the Court screened Plaintiff's second amended complaint and determined that he stated a cognizable claim against Defendants Lopez, Jordnt, and Bardonnex for retaliation and denial of access to the courts in violation of the First Amendment, but did not state any other cognizable claims. The Court ordered Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the cognizable claim against Defendants Lopez, Jordnt, and Bardonnex. At that time, the Court also denied Plaintiff's motion to compel and Plaintiff's motion to amend the Discovery and Scheduling Order. The Court expressly notified Plaintiff that discovery would be open until August 27, 2012. (ECF No. 109.)

On June 22, 2012, Plaintiff notified the Court of his intent to proceed with the second amended complaint against Defendants Lopez, Jordnt and Bardonnex. (ECF No. 110.) On July 23, 2012, the Court ordered service on the sole defendant that had not yet appeared in the action, Defendant Lopez.

3

(ECF No. 112). On July 25, 2012, Defendants Jordnt and Bardonnex filed their answer to the second amended complaint. (ECF No. 115.)

On January 7, 2013, the Court issued a second order directing service of Defendant Lopez. (ECF No. 118.) On May 16, 2013, the summons for Defendant Lopez was returned unexecuted. (ECF No. 119.) On May 20, 2013, the Court ordered Plaintiff to show cause why Defendant Lopez should not be dismissed from this action for failure to provide sufficient information to effectuate service of process. (ECF No. 120.) Plaintiff did not respond to the Court's show cause order and Defendant Lopez was dismissed from this action on August 12, 2013. (ECF No. 122.)

Two days after the dismissal of Defendant Lopez, Defendants Jordnt and Bardonnex filed a motion to modify the Discovery and Scheduling Order in order to complete Plaintiff's deposition within thirty days and to file a dispositive motion within sixty days. (ECF No. 124.) Plaintiff did not file an opposition to the motion and did not file his own request to modify the Discovery and Scheduling Order to complete his discovery or to file a motion to compel. On September 13, 2013, the Court granted Defendants' request to modify the Discovery and Scheduling Order. (ECF No. 124.) Even after the Court granted the modification, Plaintiff did not file the instant request to modify the Discovery and Scheduling Order until nearly a month later. (ECF No. 129.) Plaintiff provides no explanation for the delay and has not demonstrated the requisite diligence.

Insofar as Plaintiff requests the modification to allow the parties to obtain the discovery information that Federal Rule of Civil Procedure 26 requires the parties to disclose, his request lacks merit. As the Court previously informed Plaintiff, this action is exempt from the initial disclosures contemplated by Rule 26(a)(1). Fed. R. Civ. P. 26(a)(1)(B)(iv).

**III.    Conclusion and Order**

For the reasons stated, Plaintiff's motion to modify the Discovery and Scheduling Order, filed on October 11, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **November 22, 2013**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

4