UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>        Plaintiff,<br><br>    v.<br><br>JORDNT, et al.,<br><br>        Defendants. | Case No.: 1:06-cv-00512-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISPOSITIVE MOTION DEADLINE<br>(ECF No. 135) |

### I.     Introduction

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2006. (ECF No. 1.) This action now proceeds on Plaintiff's second amended complaint against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts. (ECF Nos. 111, 112, 122.)

On December 27, 2011, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of discovery as August 27, 2012, and the dispositive motion deadline as November 5, 2012. (ECF No. 81.) On September 13, 2013, the Court granted Defendants' motion to modify the Discovery and Scheduling Order, allowing Defendants to depose Plaintiff within thirty days and to file and serve their dispositive motion within sixty days. (ECF No. 124.)

1

Currently pending before the Court is Defendants' motion to modify the dispositive motion deadline, which was filed on November 18, 2013.  (ECF No. 135.)  The Court finds a response unnecessary and the matter is deemed submitted.  Local Rule 230(l).

**II.     Discussion**

A. <u>Legal Standard</u>

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  <u>Id.</u>  If the party was not diligent, the inquiry should end.  <u>Id.</u>

B. <u>Analysis</u>

Defendants explain that following the Court's September 13, 2013 order modifying the Discovery and Scheduling to allow for completion of Plaintiff's deposition within thirty days and the filing of dispositive motions within sixty days, Defendants scheduled Plaintiff's video deposition for October 10, 2013.  Plaintiff's deposition proceeded for approximately five hours, but could not be completed because correctional staff at CSP-Lancaster, where Plaintiff had transferred, advised that Plaintiff was required to return to his cell.  (ECF No. 135-1; Declaration of Ellen Y. Hung ("Hung Dec.") ¶ 6.)  The parties agreed that they would reconvene to complete the deposition at a later date.  Due to the limited number of mutually available dates and equipment, Defendants did not complete Plaintiff's deposition until November 8, 2013.  (Hung Dec. ¶ 7.)  Based on the unexpected delay in completing the deposition, Defendants and their counsel now seek additional time to prepare and file their motion for summary judgment.  (Hung Dec. ¶ 8.)  Defendants further explain that their counsel was out of the office for portions of the weeks of November 4 and November 13, 2013, because of medical issues under the Family Medical Leave Act.  (Hung ¶ 9.)

Based on the foregoing and the declaration of defense counsel, the Court finds that the relevant dispositive motion could not be met despite Defendants' diligence in completing Plaintiff's deposition.

Further, allowing the parties additional time to file any dispositive motions will promote judicial economy and efficiency by potentially resolving or narrowing any issues for trial.

### III. Conclusion and Order

For the reasons stated, Defendants' motion to extend the dispositive motion deadline is GRANTED. The parties shall file and serve any dispositive motions within thirty days following service of this order.

IT IS SO ORDERED.

Dated: **December 4, 2013**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE