UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III,<br><br>  Plaintiff,<br><br>  v.<br><br>JORDNT, et al.,<br><br>  Defendants. | Case No.: 1:06-cv-00512-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN TIME TO FILE AN APPEAL (ECF No. 60) |

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeded on Plaintiff's second amended complaint against Defendants Jordnt and Bardonnex for retaliation and denial of access to the courts in violation of the First Amendment to the United States Constitution. (ECF Nos. 111, 112, 122.) This case was closed on September 30, 2014. (ECF No. 156.)

Currently before the Court is Plaintiff's motion for reopening the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), dated August 15, 2016. (ECF No. 161.)  The time for Defendants to file any opposition to Plaintiff's motion has passed, and no opposition has been filed. The motion is deemed submitted, as the Court finds no response necessary, and Defendants will not be prejudiced by the consideration of this motion. Local Rule 230(l).

///

///

1

I.  **Background**

As noted above, this action has been closed for over two and a half years. On July 31, 2014, the Magistrate Judge to whom this matter was referred issued findings and recommendations recommending, among other things, that Defendants' motion for summary judgment be granted, and judgment be entered in favor of Defendants Jordnt and Bardonnex. On September 29, 2014, this Court adopted those findings and recommendations in full, granted Defendants' motion, and directed the Clerk of the Court to enter judgment in favor of Defendants. (ECF No. 156.) Judgment was entered accordingly, and this case was closed on September 30, 2014. (ECF No. 157.) The Court's September 29, 2014 order and judgment were served by mail on Plaintiff on September 30, 2014, at Plaintiff's address of record (California State Prison, Los Angeles County, 44750 60th Street West, Lancaster, CA 93536). The docket does not reflect that the order or judgment were returned as undeliverable, or otherwise rejected by Plaintiff or the above-named institution.

On July 25, 2016, Plaintiff made a motion requesting the status of the case, stating that he had never received the Court's ruling on Defendants' motion for summary judgment, and that the last legal mail he had received from the Court was the Magistrate Judge's July 31, 2014 findings and recommendations. (ECF No. 159.) On July 27, 2016, the Magistrate Judge issued an order informing Plaintiff of the foregoing procedural history, including the entry of judgment in this action. (ECF No. 160.)

Plaintiff then filed the current motion and declaration in support, dated August 15, 2016. (ECF No. 161.) In Plaintiff's declaration, he states that he never received the Court's order adopting the Magistrate Judge's findings and recommendations, and dismissing this action. He further states that after receiving the Magistrate Judge's July 27, 2016 order informing him of the status of the case, and the dismissal and judgment, he submitted a request to the prison mailroom for a copy of the log of his legal mail received since 2014.

Plaintiff attaches a copy of the mail log, (ECF No. 161, pp. 8-13), and notes that it does not show that the final order and judgment were received by him, and that he has still not received the final order and judgment. He contends that he would have filed a motion for reconsideration as well as a notice of appeal had he received the final order and judgment. Plaintiff argues that since he has

demonstrated non-receipt of the judgment, he should be served with the order and judgment, and permitted to file a notice of appeal and/or motion for reconsideration of the Court's final order.

**II.      Motion to Reopen the Time to File an Appeal**

Generally, a notice of appeal must be filed within 30 days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). Federal Rule of Appellate Procedure 4(a)(6) governs a motion to reopen the time to file an appeal, and provides as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). In this case, Plaintiff cannot satisfy all of the above factors for reopening the time to appeal.  Regarding the first factor, Plaintiff has declared under penalty of perjury that he has not received a copy of the Court's final order dismissing his action or the judgment pursuant to that order, and he has provided documentation in support. The Court finds that Plaintiff's documentation supports his statement, and credits Plaintiff's assertion.

However, Plaintiff cannot satisfy the second factor for reopening the time to appeal. Plaintiff never received notice of the entry of judgment pursuant to Federal Rule of Civil Procedure 77; therefore, Rule 4(a)(6)(B) requires that his motion to reopen the time to file an appeal must be filed within 180 days after the judgment was entered. Here, the judgment was entered on September 30, 2014, and Plaintiff's motion is deemed to be filed on August 15, 2016, the date he gave his motion to prison officials for mailing. Thus, Plaintiff's motion was made over two and a half years since the judgment was entered, which is well over the 180-day limit for Plaintiff's motion under Rule 4(a)(6)(B). Consequently, Plaintiff cannot satisfy all of the conditions necessary to reopen the time to

appeal, and the Court cannot grant him relief under Rule 4(a)(6.)

Given this finding on the second factor, the Court need not consider whether Defendants would be prejudiced by the reopening of time for Plaintiff to file any appeal.

### III.   Conclusion and Order

For these reasons, it is HEREBY ORDERED that Plaintiff's request to reopen the time for filing a notice of appeal, (ECF No. 161) is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE