# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER, III, <br><br> Plaintiff, <br><br> v. <br><br> JORDNT, et al., <br><br> Defendants. | Case No.: 1:06-cv-00512-LJO-BAM PC <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ITS SEPTEMBER 15, 2016 ORDER DENYING HIS MOTION TO REOPEN TIME TO FILE AN APPEAL <br><br> (Doc. 163) |

## I.   Introduction

Plaintiff Will Moses Palmer, III, ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 30, 2014, a final order and judgment was entered dismissing this case. (ECF Nos. 156, 157.) Over two and a half years later, on August 15, 2016, Plaintiff filed a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). (Doc. 161.) That motion was denied on September 15, 2016. (Doc. 162.)

## II.   Motion for Reconsideration

Currently before the Court is Plaintiff's motion for reconsideration of the September 15, 2016 order denying his motion to reopen the time to file an appeal, dated September 21, 2016. (Doc. 161.) Plaintiff argues that the court misinterpreted Federal Rule of Appellate Procedure 4(a)(6)(B) in

1

denying his motion, and that the denial was unjust because he was not at fault in failing to timely file a notice of appeal. Plaintiff requests that the Court reconsider its prior ruling and not deprive him of his right to appeal. The Court interprets Plaintiff's request as a motion for reconsideration pursuant to Federal Rule of Procedure 60(b).

### A. Standard

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

### B. Discussion

In its September 15, 2016 order, the Court ruled that because Plaintiff's motion to reopen the time to file an appeal was filed over two and a half years after the judgment was entered, it was untimely, and he could not satisfy the conditions necessary for his motion to be granted pursuant to Federal Rule of Appellate Procedure 4(a)(6)(B). That provision of the rule requires that the motion be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Plaintiff asserts that he first received notice of the judgment dismissing this action

1 on August 2, 2016, and because he filed his motion on August 19, 2016, it was made within 14 days of
2 his receipt of notice and was therefore timely. (Doc. 163.) Therefore, he argues the Court erred in
3 denying his motion.

4       Plaintiff has not shown any error in the Court's application of Rule 4(a)(6)(B) to the facts of
5 this case. That provision requires a motion to reopen the time to appeal to be filed within the *earlier* of
6 two dates—180 days after the judgment was entered, or within 14 days after the moving party receives
7 notice of the judgment. The Ninth Circuit has indicated that this makes the date 180 days after a
8 judgment was entered the "outer limit" for a timely motion. *In re Stein*, 197 F.3d 421 (9th Cir. 1999)
9 *as amended on denial of reh'g* (Jan. 5, 2000). This outer limit expressly applies to litigants who do not
10 receive notice of an order as required by Federal Rule of Civil Procedure 77(d). *United States v.*
11 *Winkles*, 795 F.3d 1134, 1145 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2462 (2016). This deadline is
12 jurisdictional, and the courts do not have authority to create any equitable exceptions to it. *Id.*

13       In this case, the judgment was entered on September 30, 2014, and thus the "outer limit" for
14 Plaintiff to timely file a motion to reopen the time to appeal under Rule 4(a)(6)(B), was March 30,
15 2015. Since Plaintiff's motion was filed well after that date, his motion was untimely. To the extent
16 that Plaintiff seeks for the Court to make any equitable exception here because the judgment which
17 was served on Plaintiff appeared to not be given to him by prison officials in 2014 or 2015, and he had
18 to learn of the judgment through his own inquiries to the Court in 2016, the Court cannot make any
19 such exception.

20       Finally, Plaintiff briefly asserts that this Court "substantiate[d]" a claim for violation of
21 Plaintiff's right to access the courts under the First Amendment in its September 15, 2016 order due to
22 the prison officials' actions here. The Court clarifies for Plaintiff that it did not do so. Plaintiff
23 provided the Court with a declaration asserting that he did not receive the September 30, 2014 order
24 and final judgment dismissing his case before August 2016, and substantiated this with a copy of a
25 prison mailroom log showing his legal mail received. This Court credited Plaintiff's assertion that he
26 did not receive the order and judgment, including because the mailroom log he provided shows that
27 the last legal mail he received in 2014 from this Court was on September 9, 2014, (Doc. 161, p. 10),
28 and that he also received no legal mail from this Court in 2015, (*id*. at 11-12). However, the Court did

not make any finding as to whether there was any purposeful or intentional withholding of Plaintiff's legal mail it its order, nor make any findings of any purported First Amendment rights violation(s) by any prison official(s).[1] The Court's finding was solely limited to crediting Plaintiff's assertion that he did not receive a copy of the September 30, 2014 final order and judgment within 21 days after entry. (Doc. 162, p. 3.)

### III.  Conclusion and Order

For these reasons, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the September 15, 2016 order denying his motion to reopen the time to file an appeal, (Doc. 163), is DENIED.

IT IS SO ORDERED.

Dated:   **October 6, 2016**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE

---

[1] In fact, Plaintiff's mail log appears to show dozens of pieces of legal mail from various courts, agencies, and attorneys were regularly delivered to Plaintiff during 2014 and 2015. (Doc. 161, pp. 8-12.)

4